**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STEVEN EUGENE PASSMORE,

        Petitioner,

vs.                                   Case No.:    3:07-cv-132-J-32PDB
                                                                 3:96-cr-20-J-32PDB

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Steven Eugene Passmore's second motion for relief from judgment under Fed. R. Civ. P. 60(b). (Civ. Doc. 23, Second Rule 60(b) Motion).[1] For the reasons below, the motion is due to be denied as repetitious and untimely.[2]

In September 1998, Petitioner pled guilty to one count of conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One of the Second Superseding Indictment), and one count of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 (Count Two of the Second Superseding Indictment).

---

[1]     Citations to the record in the criminal case, <u>United States vs. Steven Eugene Passmore</u>, No. 3:96-cr-20-J-32PDB, will be denoted "Crim. Doc. __." Citations to the record in the civil 28 U.S.C. § 2255 case, No. 3:07-cv-132-J-32PDB, will be denoted "Civ. Doc. __."

[2]     As relevant here, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: … (4) the judgment is void; … or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6).

1

(Crim. Doc. 117, Plea Agreement). Petitioner moved to withdraw his guilty plea a few months later (Crim. Doc. 129), but the Court denied the motion (Crim. Doc. 132). In 1999, the Court sentenced Petitioner to 360 months in prison as to Count One and 240 months in prison as to Count Two, both terms to run concurrently. (Crim. Doc. 139, Judgment). Petitioner appealed the judgment, arguing (among other things) that the Court erred in denying his motion to withdraw the guilty plea "because his plea was the result of improper threats and coercion by both his attorneys and the Government." (Crim. Doc. 150, USCA Opinion at 3). On October 27, 1999, the Eleventh Circuit rejected each of Petitioner's arguments and affirmed his conviction and sentence. Id. at 1, 3, 17.

More than seven years later, on January 25, 2007, Petitioner filed a counseled motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Civ. Doc. 1, § 2255 Motion; Civ. Doc. 2, Counseled Memorandum; Civ. Doc. 2-2, Pro Se Memorandum). In Ground One, Petitioner argued that

> the lower court violated his Fifth Amendment right to a jury trial and his Sixth Amendment right to proof beyond a reasonable doubt as required by United States v. Booker and United States v. Fanfan, 125 S. Ct. 738 (2005)[,] when the lower court enhanced Mr. Passmore's sentence based upon a finding it alone made based on a preponderance of the evidence that Mr. Passmore had possessed a dangerous weapon during the commission of an offense when that finding should have been made by a jury after having been proved to them beyond a reasonable doubt.

(Civ. Doc. 1 at 3). In Ground Two, Petitioner raised a bevy of other claims, including that the indictment did not allege the drug quantity involved and that there were various irregularities in the plea process. Id. at 4. The Court denied the § 2255 Motion as untimely, and noted that Petitioner could not rely on Booker and Fanfan to render

2

the motion timely under 28 U.S.C. § 2255(f)(3) because "the Eleventh Circuit has made clear that the Apprendi/ Blakely/ Booker line of cases and the reasoning underlying those cases does not apply retroactively to cases on collateral appeal." (Civ. Doc. 5, Order Denying § 2255 Motion at 2) (citing Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); Chavarry v. United States, 129 F. App'x 599 (11th Cir. 2005)). Petitioner appealed the denial of § 2255 relief (Civ. Doc. 6, Notice of Appeal), but on October 10, 2007, the Eleventh Circuit Court of Appeals denied Petitioner a certificate of appealability (COA), thereby affirming this Court's order (Civ. Doc. 9, First USCA Order Denying COA).

Dissatisfied with the result, nearly two years later Petitioner moved to have the presiding judge (the Honorable Harvey Schlesinger) recused or disqualified (Civ. Doc. 10), and filed his first motion for relief from judgment under Fed. R. Civ. P. 60(b) (Civ. Doc. 11, First Rule 60(b) Motion). Citing Rules 60(b)(4) and 60(b)(6), Petitioner claimed that the Court should revisit the order denying § 2255 relief because the Court violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992), by not addressing the issues raised in Ground Two. The Court denied both the motion to disqualify and the First Rule 60(b) Motion, explaining that it did not review the merits of the claims in Ground Two because they were time-barred. (Civ. Doc. 13, Order Denying First Rule 60(b) Motion). Petitioner then filed a motion under Fed. R. Civ. P. 59(e) for reconsideration of that order (Civ. Doc. 15, Rule 59 Motion), which the Court also denied (Civ. Doc. 19).

Next, Petitioner appealed the denial of the First Rule 60(b) Motion and the motion to disqualify. But in a substantive 4-page order entered on March 4, 2010, the

Eleventh Circuit Court of Appeals denied Petitioner a COA yet again. (Civ. Doc. 22, Second USCA Order Denying COA). The Eleventh Circuit explained:

> Contrary to Passmore's suggestion, the district court properly denied the Rule 60(b) motion, as his § 2255 motion was untimely under the one-year statute of limitations and the original judgment denying habeas relief did not violate Clisby. Specifically, the district court did not violate Clisby's directive "to resolve all claims for relief … regardless of whether habeas relief is granted or denied." Clisby, 960 F.2d at 936. While the district court did not specifically discuss the merits of the claims raised in Passmore's second ground for relief, it resolved those claims in finding that the § 2255 motion, as a whole, was untimely.

Id. at 2. The Eleventh Circuit also recognized that, although Petitioner contended that this Court lacked subject matter jurisdiction to sentence him because the guilty plea was void, that claim had not been presented below, and "even if Passmore had fairly presented the argument in his Rule 60(b) motion, such a motion may not be used to challenge mistakes of law that could have been raised on direct appeal." Id. (citing Am. Bankers Ins. Co. of Fla. v. N.W. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999)).

Eight and a half years after the Eleventh Circuit entered the above order, Petitioner filed the pending Second Rule 60(b) Motion and the case was transferred to the undersigned. Citing Rule 60(b)(4), Petitioner claims once again that the Court should reconsider the 2007 order denying § 2255 relief because the Court did not resolve the claims raised in Ground Two of the § 2255 Motion. (Civ. Doc. 23 at 1-2). In particular, Petitioner insists that the Court should have addressed his claim that the Court lacked jurisdiction to sentence him because the plea colloquy violated Fed. R. Crim. P. 11.

4

This argument is repetitious because it has been rejected already by this Court (Civ. Doc. 13) and the Eleventh Circuit Court of Appeals (Civ. Doc. 22). As both courts have explained, this Court did not address the merits of the claims raised in Ground Two because the § 2255 Motion, as a whole, was untimely. Therefore, the Court appropriately resolved all claims for § 2255 relief. Additionally, even if Petitioner had fairly presented his jurisdictional claim in the Second Rule 60(b) Motion, "such a motion may not be used to challenge mistakes of law that could have been raised on direct appeal." (Civ. Doc. 22 at 2) (citation omitted).[3]

In any event, Petitioner's Second Rule 60(b) Motion is untimely as well. Rule 60 provides that "[a] motion under Rule 60(b) must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Petitioner did not file the Second Rule 60(b) Motion until 11 years after entry of the original order denying the § 2255 Motion. Petitioner's argument is that the 2007 order did not resolve all claims for relief. A Rule 60(b) motion that raises such an argument more than a decade after

---

[3] Moreover, Petitioner's claim that a defect in the plea colloquy deprived the Court of subject matter jurisdiction is wrong. "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code, it alleges an 'offense against the laws of the United States' and, thereby, invokes the district court's subject-matter jurisdiction" under 18 U.S.C. § 3231. United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014) (citation omitted). Here, Petitioner was charged with, and pled guilty to, conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2 – each one a criminal statute in the United States Code. (Crim. Doc. 62, Crim. Doc. 117). Thus, the Court had subject matter jurisdiction to adjudicate Petitioner guilty and to sentence him. Brown, 752 F.3d at 1354.

5

the fact is obviously not "made within a reasonable time." Fed. R. Civ. P. 60(c)(1). As such, the Second Rule 60(b) Motion is untimely as well as meritless.

Accordingly, in light of the foregoing, Petitioner Steven Eugene Passmore's Second Rule 60(b) Motion (Civ. Doc. 23) is **DENIED**. If Petitioner appeals this Order, the Court denies a COA as well.[4]

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of December, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:

Counsel of record
Pro se petitioner

---

[4] This Court should issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court finds that a COA is not warranted.

6